Mastín, J.
delivered the opinion of the court.
*294 The defendants are appellants from a judgment dissolving an injunction, which they had obtained to prevent the execution of a writ of fieri, facias, which had issued on a judgment before it had been made final by the signature of the judge.
The judgment was not signed, but the district court decided that the signature of the judge to a judgment is not essential to its maturity in the [486] country, where the judge a quo informs us it is the practice for the judge to sign the minutes on the last day of the term; all the judgments being entered thereon.
The court, in our opinion, erred. The Oode of Practice expressly requires the signature of the judge to all final judgments, art. 54G. He is first required to x’ender his judgments in open court, and thx-ee days thei’eafter to sign them. His attention is called to them after the thx-ee days are allowed to him for x-eflection, and if no application is made for a new trial, he is to sign them. The law is absolutely silent as to the signature of the minutes by the judge on the rising of the court. It is, however, a prudent measure; but it cannot relieve the judge from the obligation imposed on Mm hy law, to recur to his judgments three days after their rendition, and to make them final hy affixing his signature thereto.
It is therefoi'e ordered, adjudged and decx-eed, that the judgment be-annulled, avoided and reversed; and that the injunction be reinstated and pex-petuated.